GAMBLE *v.* STATE

No. 43802 February 14, 1966 183 So. 2d 172

*Wilbourn, Lord & Williams, H. Wingfield Glover, Jr., Harry L. Hopkins,* Meridian, for appellant.

*R. Hugo Newcomb, Sr.*, Asst. Atty. Gen., Jackson, for appellee.

JONES, J.

This case comes from the Circuit Court of Lauderdale County where appellant was convicted of murder of one Henrietta Smith and was sentenced to life in the State Penitentiary. We are compelled to reverse the case because of errors in admission and exclusion of evidence.

There are other assignments of error, but we consider none of them well-taken other than those herein specifically mentioned.

The appellant and the said Henrietta Smith were living together and occupying one side of a house, the other side of which was occupied by one, Charlie Clark.

On or about January 17, 1965, the said Henrietta Smith was burned to such an extent that she later died. The appellant was charged with setting her on fire allegedly with kerosene. On this particular night, Charlie Clark testified he was asleep and was awakened. He heard Henrietta say, "Don't come in here, you stay in there." He dozed back to sleep and heard a loud noise, and Henrietta say, "I am burnt up", after which he heard Henrietta say, "Walter, you have burned me up. Somebody get me to a doctor. Don't let me die, I am burnt up." Charlie Clark dressed and ran to the next door neighbors' house; and, seeing the smoke coming out the door, he tried to get the fire department. Then he went up the street to call the ambulance. He said he

talked to his neighbor awhile and appellant came there and asked the neighbor to carry Henrietta to the doctor. The neighbor said his car was out of order and appellant went to another neighbor's house to call the ambulance.

██ █ T. H. Essix, the neighbor who lived next door testified. After Charlie Clark was there, the defendant came and asked if he would carry Henrietta Smith to the hospital. When asked, ''Why?'' Walter said, ''Well, I done set that mother — afire.'' Later he heard Henrietta say, ''Oh, oh, oh, Walter, why did you burn me up?'' Walter said, ''I don't know'', then he left to call the ambulance. Objection was made to the testimony of Charlie Clark as to what Henrietta Smith said and also as to what T. H. Essix had heard Henrietta say. The objection was that it was not part of the res gestae but hearsay. We hold that Charlie Clark's testimony was admissible, as being part of the res gestae. Thompson v. State, 220 Miss. 200, 70 So. 2d 341 (1954); Magee v. State, 145 Miss. 227, 110 So. 500 (1926).

██ █ The testimony of T. H. Essix as to the appellant's statement of what he did was, of course, admissible. ██ █ Also, T. H. Essix's testimony as to what he heard Henrietta say and the appellant's response thereto was admissible, as a declaration against interest.

Lavonne Stallings was an attendant of the ambulance service which removed Henrietta from her home to the hospital. At the emergency room of the hospital, in addition to Henrietta, there were several people present — two policemen, Mr. Harry Hughes, some other man with the police department, Walter Gamble, and two or three others. Stallings testified that when Mr. Hughes came in he asked Henrietta what happened and she said that Walter Gamble tried to burn her up. She said he knocked her down, poured kerosene on her, struck a match, stuck the match in her ear, and said, ''I am going to see if you will burn now, goddam you.''

■■ The witness stated Walter Gamble heard the statement and said he did not do it, and said, "I tried to help you." The witness also testified that Walter Gamble had kerosene on him; it was on his leg from his hip to his knee. The whole front of his pants was wet. That part of the witness' evidence as to Henrietta's accusation should not have been admitted inasmuch as appellant, according to the witness' testimony, denied immediately such accusations. 22A C. J. S. *Criminal Law* § 734(2) at 1080 (1961); Underhill, Criminal Evidence § 259 at 489 (4th ed. 1935).

Annelle L. Beard, a nurse at the hospital, was introduced and testified to some statement that Henrietta made in the presence of Walter, but she said the only thing she heard Henrietta tell Mr. Hughes was about her side of the story. The nurse also heard Walter Gamble deny it. This testimony as to accusations made by Henrietta and denied by appellant should not have been admitted.

Howard Moore, a policeman, testified about statements by Henrietta at the hospital accusing defendant of pouring kerosene on her and lighting it. He said Walter Gamble was in the room but there is no proof that he heard the statement or whether he denied it. On retrial, if it is not established that defendant heard these statements or was in position where he should have heard them, and did not deny same, this evidence should not be admitted.

■■ Mr. Harry Hughes, constable, was at the hospital when the statements accusing defendant were made by Henrietta. He said Walter was present, and when witness asked her what happened, her reply was, "Lordy, Mr. Harry, Walter done burned me up." He said he asked her again what happened and she later stated she and Walter had left the house. She gave him some money to get some whiskey and they got the whiskey, but Walter would not pay for it. They got in an argu-

ment, or fight, at the house and Walter knocked her down, poured kerosene on her, and said, ''Goddam you, let's see if you will burn.'' And further said that he set a match to her. He testified further that when he was talking to her, Walter was over by the sink. Witness went to him and asked, ''What about it, Walter?'' He said, ''I set her on fire.'' He then sat around the table with two other officers and asked her to repeat what she had said, which she did. This time the witness went over to Walter Gamble and he said, ''Henrietta, when you told Mr. Harry, you didn't tell him the whole truth. I was the one who called the ambulance.'' The witness testified that later Walter denied that he did it. In view of the statement by the witness that the defendant admitting setting her on fire and then denied it, we hold the evidence was for the consideration of the jury.

 ██ After the state rested, defendant introduced Dr. Gilberto Patino and Susie Glover. Susie Glover was related to appellant, being his aunt and having reared him. She undertook to testify to a visit to see Henrietta Smith in the hospital, where they discussed the cause of the burns. This was objected to; the jury retired, and the defendant offered to show by this witness that Henrietta had told her that she (Henrietta) didn't know how she got burned. The objection to this testimony was sustained.

Dr. Gilberto Patino was also introduced by the defendant. He is employed at the Matty Hersee Hospital and was on call the night Henrietta was admitted. During the admission procedure and subsequent treating of Henrietta Smith, he asked her how she was burned. The state objected to this, and objection was sustained. The witness was also asked about the medical history she gave as to how she was burned. Objection was sustained thereto. Attorneys for defendant offered to prove by this witness that when she was admitted to the hospital, and in the history given, Henrietta told him she did not

know she was burned. The history was given after Henrietta had talked to the parties that testified for the state. Objection to this testimony was sustained.

The testimony of Susie Glover and Dr. Patino should have been admitted because it was contradictory to the statements shown by the other witnesses to have been made by Henrietta and was for the consideration of the jury in considering whether the statements were in fact made by Henrietta and, if so, whether true.

For the errors mentioned, this case is reversed and remanded.

Reversed and remanded.

*Ethridge, C. J., Gillespie, P. J., and Rodgers and Robertson, JJ.,* concur.