513 So.2d 898 (1987)
Stephen Lloyd CRENSHAW
v.
STATE of Mississippi.
No. 57073.
Supreme Court of Mississippi.
September 2, 1987.
Rehearing Denied October 28, 1987.
*899 George S. Shaddock, Johnston & Shaddock, Pascagoula, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ROBERTSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Stephen Lloyd Crenshaw was found guilty for distribution of a controlled substance and was sentenced in the Circuit Court of Jackson County, Mississippi, to twelve (12) years in the custody of the Mississippi Department of Corrections. He has appealed to this Court and assigns six (6) errors in the trial below.
Milton S. Mandell, an undercover agent with the Mississippi Bureau of Narcotics, in conjunction with the Pascagoula Police Department and the Jackson County District Attorney's Office, was contacted by appellant on December 4, 1984, through a third party, inquiring whether or not Mandell desired to purchase some marijuana. Subsequently, appellant and Wanda Crenshaw, his former wife, went to Mandell's apartment in Pascagoula about 6:30 p.m. Wanda produced two (2) plastic bags of marijuana from her purse and Mandell took one of the bags and placed it on a scale to weigh it. At that juncture, appellant remarked, "Well, when I weighed it, it was 30 grams. What do you have?" Appellant stated further that he was selling the bags cheap because his wife wanted him to.
After weighing the bags of marijuana, Mandell paid appellant and Wanda $120.00, and he then asked for, and received, a Dilaudid tablet, a drug containing the scheduled substance Hydromorphone. Mandell paid them an additional $60.00 for the tablet. Wanda left the apartment and returned in a short while with the tablet. A videotape recorder had been installed in Mandell's apartment and the entire transaction was recorded by the video camera. The video pictures were displayed to the jury.
Jim Miles, analyst with the Gulfport Crime Lab, testified that the substance passed from appellant to Mandell was 54.9 grams of marijuana and one Dilaudid tablet. The State then rested, and appellant rested without introducing any evidence pertaining to the transaction.
Four of the assigned errors relate to the introduction of evidence reflected by the videotape, and will be discussed together.
The appellant contends that the lower court erred (1) in failing to sustain his motion in limine prior to opening statements; (2) in failing to sustain his objection to remarks by the district attorney in his opening statement with reference to the videotape; (3) in admitting into evidence, over objection, the videotape recording; and (4) in allowing evidence of the videotape in rebuttal.
On the motion in limine to preclude the State from offering the videotape of the drug transaction, or referring to it in opening statement, the appellant argued that unless the court sustained the motion in limine, its admission would force the appellant to testify against himself in violation of his Fifth Amendment right. Appellant was unable to cite the lower court any authority in support of such argument. In its opening statement, the State informed the jury that it would have the opportunity to view the videotape recording of the sale. Appellant also argued that procedure to be reversible error.
The argument of appellant is without merit. It is elementary that photographs, moving or still, recordings, and admissions by defendants are admissible. McBride v. *900 State, 492 So.2d 581, 585 (Miss. 1986); Trapp v. Cayson, 471 So.2d 375, 381 (Miss. 1985); Trustees of Wade Baptist Church v. Miss. State Hwy. Comm'n, 469 So.2d 1241, 1247 (Miss. 1985); Jesco, Inc. v. Shannon, 451 So.2d 694, 702 (Miss. 1984); Sparks v. State, 412 So.2d 754, 757 (Miss. 1982); Phillips v. State, 374 So.2d 824, 825 (Miss. 1979); Isaacks v. State, 350 So.2d 1340, 1344 (Miss. 1977). Gamble v. State, 254 Miss. 822, 183 So.2d 172 (1966).
The purpose of an opening statement is to inform the jury what a party to the litigation expects the proof to show. Sometimes the proof does not follow the expectations of the party's attorney in opening statement and, if so, that failure usually militates against the party. In the case sub judice, the court cautioned the jury that the opening statements by the attorneys is not evidence and would not be evidence until admitted by the court either in the form of testimony or physical evidence. Actually, the proof introduced in the case, including the videotapes, follow the opening statement of the prosecuting attorney.
The appellant contends that the lower court erred in allowing testimony on redirect examination on matters not in evidence and in allowing additional parts of the videotape to be played, over objection. The attorney for appellant, on cross-examination, emphasized evidence that Wanda furnished the marijuana and Dilaudid tablet to Mandell and received the money in exchange. On redirect, the State introduced the statement made by appellant to Mandell that his wife ran the business for him and showed the videotape reflecting that part of the conversation. We are of the opinion that the evidence was admissible.
The appellant contends that the lower court erred (5) in granting Instruction S-4 on behalf of the State.
Instruction S-4 was an instruction defining "accomplice" and submitted to the jury that, if it found from the evidence appellant acted as an accomplice to the distribution of a controlled substance to Mandell by Wanda Crenshaw, then it was the duty of the jury to find the defendant guilty. The instruction was properly submitted, and certainly, when considering it along with all the instructions in the case, did not constitute error. Roberts v. State, 458 So.2d 719, 721 (Miss. 1984); Hickombottom v. State, 409 So.2d 1337, 1339 (Miss. 1982); Anderson v. State, 397 So.2d 81, 84 (Miss. 1981); Norman v. State, 385 So.2d 1298, 1303 (Miss. 1980).
Appellant contends (6) that the court erred in failing to sustain his motion for a mistrial for remarks made by the district attorney in his closing argument.
After closing arguments were completed by both parties, appellant moved for a mistrial because of the following comments in the district attorney's argument: "I weighed them suckers at 29 last night. How much did you get them at, ... I have Wanda take care of all my business." The remarks were actually quoting the testimony of appellant taken from the record and not only do not constitute error, but were entirely proper.
There being no reversible errors in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.