630 So.2d 343 (1994)
Darryl EDWARDS a/k/a Daryl Edwards and a/k/a Darrell Edwards
v.
STATE of Mississippi.
No. 91-KA-0163.
Supreme Court of Mississippi.
January 13, 1994.
W.S. Stuckey, Jr., Katherine P. Stuckey, Stuckey & Stuckey, Greenwood, for appellant.
Michael C. Moore, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., Jackson, Ellen Y. Dale, Ridgeland, for appellee.
Before HAWKINS, C.J., and SULLIVAN and SMITH, JJ.
SULLIVAN, Justice, for the Court:
Darryl Edwards was tried in the Circuit Court of Leflore County, Mississippi, on charges of conspiracy and sale of cocaine. At the close of the prosecution's case-in-chief, the trial court granted Edwards' motion for directed verdict on the conspiracy charge. The motion was renewed at the end of the trial on the sale of cocaine charge, but that motion was denied. The jury found Edwards guilty of the sale of cocaine and he was sentenced to thirty (30) years imprisonment, with ten (10) years suspended.
Edwards' subsequent motions for judgment notwithstanding the verdict or a new trial were overruled.
On appeal, Edwards contends that the trial court erred in not granting him a cautionary instruction regarding the testimony of accomplice Teresa Stevenson, where the state's sole corroborating witness, Donna Taylor, was a confidential informant, paid on a contingency fee basis by the North Central Narcotics Task Force.
At 7 p.m. on the night of May 31, 1990, Agent Ellington gave Teresa Stevenson twenty dollars with which Stevenson and confidential *344 informant, Donna Taylor, purchased crack cocaine from Darryl Edwards. Stevenson was under the impression that if she made the purchase for Agent Ellington, Ellington would share the cocaine with her.
Stevenson was subsequently indicted, along with Darryl Edwards, for conspiracy to sell and the sale of cocaine. Stevenson pled guilty to both counts and in exchange for the State's dropping of the original co-defendant charge, she plea bargained for four (4) years in the penitentiary and her testimony against Edwards.
Edwards presented five alibi witnesses, who each attested to the fact that on May 21, 1990, Edwards was playing basketball with them at the time Stevenson allegedly purchased the crack cocaine.
Edwards argues that under the authority of Derden v. State, 522 So.2d 752, 754 (Miss. 1988), two factors must be considered in the granting of a cautionary instruction: (1) was the witness in fact an accomplice? and (2) was his testimony without corroboration? Edwards asserts that a cautionary instruction regarding an accomplice's credibility should not be dependent solely upon the corroboration of a confidential informant.
The thrust of the argument of Edwards is based on Williams v. State, 463 So.2d 1064 (Miss. 1985), and the potential for miscarriage of justice where the prosecution develops its case through the testimony of a confidential informant compensated on a contingency fee basis. In Williams, we held that if the full facts and circumstances of the state's pay arrangement with the informant were disclosed to the jury, and there was an adequate opportunity to cross-examine the informant, a subsequent conviction would not be disturbed.
The full facts and circumstances of the State's pay arrangement with the confidential informant in this case were not revealed to the jury. Agent Ellington testified that Taylor was compensated for the amount of drugs she purchased and for the number of hours she worked. Informant Taylor testified that she was only compensated on a per-buy basis. While the jury might resolve this conflict in the testimony, it clearly fails the Williams' test.
Without Taylor, the State is left with nothing but the testimony of Stevenson, an accomplice. Therefore, the granting of the cautionary instruction was mandatory and the failure to do so was an abuse of discretion.
On these facts alone this conviction must be reversed for failure to grant the cautionary instruction. We further find that in the future when the prosecution bases its case solely on the testimony of an accomplice corroborated only by a confidential informant, then it is mandatory that the trial judge grant the cautionary instruction.
REVERSED AND REMANDED TO THE CIRCUIT COURT OF LEFLORE COUNTY, MISSISSIPPI.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
PITTMAN, J., not participating.