## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-KA-00311-SCT

*CALVIN WHITE, a/k/a "TWEETY BIRD"*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/14/97 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CALLESTYNE HALL CRAWFORD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | NOEL D. CROOK |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 9/10/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/1/98 |

**BEFORE SULLIVAN, P.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. The appellant, Calvin White a/k/a "Tweety Bird," was indicted by the Holmes County Grand Jury on three counts of sale of cocaine pursuant to Miss. Code Ann. § 41-29-139(a)(1)(1994). Subsequently, capias was served on White. Later, he was arraigned, at which time he entered a not guilty plea.

¶2. On the day of the trial, White filed a Motion in Limine and Motion to Suppress certain evidence. The trial court denied the motions. A jury of his peers found the appellant not guilty of Count I, but he was found guilty of Count II and Count III. Circuit Court Judge Jannie M. Lewis sentenced White to a term of ten (10) years on each count in the custody of the Mississippi Department of Corrections to run concurrently. White's Motion for a New Trial or alternatively a j.n.o.v. was denied by the Circuit Court.

¶3. Four issues are raised on appeal to this Court:

**I. WHETHER THE CIRCUIT COURT ERRED IN THE DENIAL OF THE DEFENDANT'S MOTION TO SUPPRESS STATE'S EXHIBIT 2 AND 4--COCAINE--**

**ON THE GROUNDS THAT THERE WERE BREAKS IN THE CHAIN OF CUSTODY?**

**II. WHETHER THE CIRCUIT COURT ERRED IN THE DENIAL OF THE DEFENDANT'S MOTION TO EXCLUDE STATE'S EXHIBIT 3--VIDEOTAPE?**

**III. WHETHER THE CIRCUIT COURT ERRED IN DENYING APPELLANT'S MOTION FOR A JUDGEMENT NOTWITHSTANDING THE VERDICT OR A NEW TRIAL ON THE GROUNDS THAT THE JURY'S VERDICT WAS AGAINST THE OVERWHELMING SUFFICIENCY AND WEIGHT OF THE EVIDENCE?**

**IV. WHETHER THE CIRCUIT COURT ERRED IN NOT GRANTING, *SUA SPONTE*, A CAUTIONARY INSTRUCTION REGARDING THE TESTIMONY OF THE CONFIDENTIAL INFORMANT?**

## STATEMENT OF THE FACTS

¶4. The appellant, Calvin White, sold .3 gram of crack cocaine to Ross Kyzer, a confidential informant. Kyzer met with Narcotics Task Force Agents, Al Jobe and Andy Ledbetter and was given $100 in state funds to purchase crack cocaine from a willing seller in Pickens, Mississippi. According to Mr. Jobe and the informant, the pre-buy meeting took place at 12:00 p.m. Then the informant left for Pickens at 12:33 p.m. At 12:52 p.m. a $40 sale was made and eight minutes later another sale was made. Both transactions were videotaped.

¶5. Based on the report, the appellant, seen on the videotape, was wearing blue jeans, blue shirt, tennis shoes, and red and blue cap at the time of the first sell. Eight minutes later, at the time of the second sell, he was seen on videotape wearing black pants, black cap, black shoes, and a white shirt. The appellant's counsel argued in trial that the clothing differences should make one doubt that both sales were conducted by the same man. However, Alvin Jobe, one of the narcotics officer, fully explained the differences in clothing in such a short time frame:

> We've had it happen in the past when we've conducted an investigation like this that the person may realize or believe that they've sold to an undercover, and they go and change clothes for that purpose. We've had it happen on several occasions and in less than eight minutes like it was in this case.

¶6. At the close of the State's case-in-chief, White's motion for a directed verdict was overruled. The State produced James Lee as a rebuttal witness who, much like Kyzer, the informant, identified the individual in the videotape as Calvin White.

¶7. The jury returned a verdict of "guilty" of the sales that took place on February 10, 1996. The jury, however, acquitted White of the sale taking place on February 8. Unlike the transaction that took place on February 10, the February 8 transaction was not videotaped due to a mechanical malfunction.

¶8. White's motion for a new trial, or in the alternative, for j.no.v. was denied.

## LEGAL ANALYSIS

## I. WHETHER THE CIRCUIT COURT ERRED IN THE DENIAL OF THE DEFENDANT'S MOTION TO SUPPRESS STATE'S EXHIBIT 2 AND 4--COCAINE-- ON THE GROUNDS THAT THERE WERE BREAKS IN THE CHAIN OF CUSTODY?

¶9. The appellant argues that the court improperly denied the Motion to Suppress the evidence of cocaine. White contends that the evidence fails to show how the cocaine came into the possession of Marvin Lawrence who delivered it to Bernice Livingston at the crime laboratory in Jackson or how the evidence got from Livingtson to Jacqueline Gardner who performed the analysis and determined that the substance contained cocaine. Appellant relies on *Griffin v. State*, 557 So. 2d 542, 552 (Miss. 1990), where this Court held that contemporaneous objection is not needed where appellant has been denied a fundamental fair trial. White claims that the evidence indicates a substantial likelihood of tampering, contamination, or substitution of evidence that has resulted in a violation of appellant's right to fair trial.

¶10. The trial record reflects that the substances purchased from White by Kyzer were given to Agent Jobe and placed inside ". . . the evidence vault at the task force office." The drugs were subsequently given to Chief Lawrence who delivered them to the crime laboratory in Jackson on February 14, 1996, at 2:50 p.m. Jacqueline Gardner performed the analysis on the two exhibits purchased on February 10 and determined they contained cocaine.

¶11. White further contends that the chain of custody from Bernice Livingston to Monica Artis, the drug analyst, was flawed. Such a contention has no merit since Artis performed the analysis on the cocaine sold on February 8, not the cocaine sold on February 10. White was acquitted of the charge contained in Count I, alleging a sale of cocaine on February 8. White's chain of custody argument is flawed for this reason if for no other.

¶12. This Court has held that the test of whether there has been a proper showing of the chain of possession of evidence is whether there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence. *Gibson v. State*, 503 So. 2d 230, 234 (Miss. 1987); *Barnette v. State*, 478 So. 2d 800, 804 (Miss. 1985); *Lambert v. State*, 462 So. 2d 308, 312 (Miss. 1984); *Morris v. State*, 436 So. 2d 1381, 1388 (Miss. 1983); *Harrison v. State*, 307 So. 2d 557, 561 (Miss. 1975); *Nix v. State*, 276 So. 2d 652, 653 (Miss. 1973); *Grady v. State*, 274 So. 2d 141, 143 (Miss. 1973).

¶13. The State produced the witnesses to sufficiently satisfy the chain of custody. However, "the burden to produce evidence of a **broken** chain of custody (i.e., tampering) is on the defendant." *Hemphill v. State*, 566 So. 2d 207, 208 (Miss. 1990) (*citing Nix*, 276 So. 2d at 653) (emphasis added). Additionally, "[m]atters regarding the chain of custody of evidence are largely left to the discretion of the trial judge, and 'unless this judicial discretion has been so abused as to be prejudicial to the defendant, this Court will not reverse the ruling of the trial court.'" *Doby v. State*, 532 So. 2d 584, 588 (Miss. 1988) (*quoting Morris,* 436 So. 2d at 1388).

¶14. In the case *sub judice* there is no suggestion of tampering or substitution of evidence. The evidence was under lock and key from the time it was given to Agent Jobe on February 10 until it was surrendered to Chief Lawrence who turned it over to the crime laboratory in Jackson on

February 14. The defendant has failed to produce evidence of a broken chain of custody. Moreover, no abuse of judicial discretion has been demonstrated here. This claim is devoid of merit.

## II. WHETHER THE CIRCUIT COURT ERRED IN THE DENIAL OF THE DEFENDANT'S MOTION TO EXCLUDE STATE'S EXHIBIT 3--VIDEOTAPE?

¶15. White contends the lower court committed reversible error by allowing the videotape in as evidence by denying the appellant's motion in limine. He argues that the videotapes are not clearly defined, the videotape is in very poor condition, there is no audio, and the tape fails to show if the person seen therein is offering drugs. The appellant relies on *Foster v. California*, 394 U.S. 440, 443 (1969), which holds that an impermissively suggestive identification procedure undermines the reliability of eye witness identification and presents danger of misidentification as to violate due process. *Foster* can be factually distinguished from the case at bar as it concerns the reliability of eyewitnesses in viewing a police line up; in the case *sub judice* the facts involve a videotape.

¶16. Motions in limine ". . .should be granted only when the trial court finds two factors are present: the evidence in question will be inadmissable at trial under the rules of evidence and that mere offer, reference, or statements made during trial concerning the evidence will tend to prejudice the jury." *Hopkins v. State*, 639 So. 2d 1247, 1254 (Miss. 1993). The case at bar does not exist in either posture. Moreover, "[i]t is elementary that photographs, moving or still, recordings and admissions by defendants are admissible." *Crenshaw v. State*, 513 So. 2d 898, 899 (Miss. 1987).

## III. WHETHER THE CIRCUIT COURT ERRED IN DENYING APPELLANT'S MOTION FOR A JUDGEMENT NOTWITHSTANDING THE VERDICT OR A NEW TRIAL ON THE GROUNDS THAT THE JURY'S VERDICT WAS AGAINST THE OVERWHELMING SUFFICIENCY AND WEIGHT OF THE EVIDENCE?

¶17. Despite the introduction of a videotape of the drug transaction and the identification of the appellant by Kyzer, Agent Jobe, and James Lee as the individual who approached the window of Kyzer's pickup truck, White assails both the sufficiency and the weight of the evidence.

### A. Sufficiency of the Evidence

¶18. The State's proof consisted of positive in-court identification made by Kyzer of White as the seller of cocaine on two separate occasions on February 10. The proof further consisted of a videotape of the transaction which was viewed by the jury. Kyzer, Agent Jobe, and James Lee, the State's rebuttal witness, all identified the individual in the videotape as Calvin White. Additionally, Agent Jobe testified that he monitored the two transactions by way of listening devices.

¶19. The level of certainty of the State's witnesses is no less compelling. Kyzer said there was no doubt in his mind that White was the man in the videotape who sold him drugs. Likewise, Agent Jobe testified there was no doubt in his mind--"none whatsoever"--that the person in the videotape making the sale was White. After watching the videotape from the witness stand, James Lee testified that the person that came to the window of Kyzer's vehicle was the defendant, Calvin White.

¶20. Following the State's case-in-chief, White produced one witness on his own behalf. By introducing evidence in his own behalf, White waived his motion for a directed verdict that he

submitted at the close of the State's case-in-chief. *Holland v. State*, 656 So. 2d 1192, 1197 (Miss. 1995). White failed to request peremptory instruction. His post-verdict motion for a new trial or j.n.o.v. was subsequently denied.

¶21. These motions test legal sufficiency as opposed to weight. In judging the "sufficiency" of the evidence on a motion for a directed verdict, or request for peremptory instruction, or motion for judgement notwithstanding the verdict, the trial judge is required to accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant. *Ellis v. State*, 667 So. 2d 599, 612 (Miss. 1995); *Clemons v. State*, 460 So. 2d 835, 839 (Miss. 1984); *Forbes v. State*, 437 So. 2d 59, 60 (Miss. 1983); *Bullock v. State*, 391 So. 2d 601, 606 (Miss. 1980). If under this standard, sufficient evidence to support the jury's verdict exists, the motion for a directed verdict and request for a peremptory instruction should be overruled. *Brown v. State*, 556 So. 2d 338, 340 (Miss. 1990); *Davis v. State*, 530 So. 2d 694, 703 (Miss. 1988). A finding that the evidence is insufficient results in a discharge of the defendant. *May v. State*, 460 So. 2d 778, 781 (Miss. 1984).

¶22. The evidence, together with all reasonable inferences to be drawn therefrom, was legally sufficient to support the appellant's conviction. The proof demonstrated directly that he was in actual possession of cocaine, and he sold cocaine on two separate occasions to Ross Kyzer.

¶23. White contends that there was conflicting testimony among the witnesses. He is correct that Kyzer testified that they met in Yazoo County for the pre-buy meeting while Agent Jobe that testified they met in Holmes County. This Court, however, has held, "[any] inconsistencies of the in-court identification go only to the credibility and weight of the evidence, which is a factual determination to be made by the jury." *Kimbrough v. State*, 379 So. 2d 934, 936 (Miss. 1980) (citations omitted). This Court has further held "[t]he jury has the duty to determine the impeachment value of inconsistencies or contradictions as well as testimonial defects of perception, memory and sincerity." *Jones v. State*, 381 So. 2d 983, 989 (Miss. 1980).

¶24. Accepting as true the testimony elicited during the State's case-in-chief, and accepting as true all reasonable and logical inferences, the State's proof was sufficient to establish beyond a reasonable doubt that on February 10, 1996, Calvin White, on two separate occasions, sold crack cocaine to Ross Kyzer for $40 (Count II) and $20 (Count III). As the appellant aptly queries, "[w]hat other inference could be drawn where, as here, the transactions were videotaped?"

## B. Weight of the Evidence

¶25. In the case at bar, White's motion for j.n.o.v. or, alternatively, a new trial, contains a distinct claim that the jury verdict was against the overwhelming weight of the evidence. Such a contention fails because "the motion for a new trial is addressed to the sound discretion of the trial court." *Burge v. State*, 472 So. 2d 392, 397 (Miss. 1985). Contrary to the claim made by White, no abuse of judicial discretion has been demonstrated here.

¶26. The testimony of Ross Kyzer, if true, reflects that Calvin White was present at the scene of the transactions and made two separate sales to Kyzer. Kyzer testified that he was telling the truth. The jury, needless to say, had the final word.

¶27. There was not a great deal of evidence for the fact finder to weigh since the defendant did not testify. In *Reeves v. State*, 159 Miss. 498, 132 So. 331 (1931), the Court held that the testimony by the State's witnesses may be given full effect by the jury where, as here, an accused does not take the witness stand.

¶28. In *Maiben v. State*, 405 So. 2d 87, 88 (Miss. 1981), this Court held:

> [W]e will not set aside a guilty verdict, absent other error, **unless it is clearly a result of prejudice, bias or fraud, or is manifestly against the weight of credible evidence.**

(emphasis added). Also worth repeating are the following observations made in *Groseclose v. State*, 440 So. 2d 297, 300 (Miss. 1983):

> We will not order a new trial unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, **would be to sanction an unconscionable injustice.** *Pearson v. State*, 428 So.2d 1361, 1364 (Miss. 1983). Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system.

(emphasis added).

¶29. In conclusion, this court cannot set aside a guilty verdict unless the verdict is manifestly against the weight of credible evidence, and unless this Court is convinced that to allow the verdict to stand would be to sanction an unconscionable injustice. It seems clear that the case *sub judice* does not exist in this posture.

> ### IV. WHETHER THE CIRCUIT COURT ERRED IN NOT GRANTING, *SUA SPONTE*, A CAUTIONARY INSTRUCTION REGARDING THE TESTIMONY OF THE CONFIDENTIAL INFORMANT?

¶30. White claims the trial judge erred in failing to grant a cautionary instruction concerning the confidential informant, Ross Kyzer. No cautionary charge was requested**,** and this Court submits that the judge did not err in failing to grant one *sua sponte*.

¶31. The appellant relies on *Williams v. State*, 463 So. 2d 1064, 1069 (Miss. 1985), where this Court held:

> Where, as here, the full facts and circumstances of the State's arrangement with its bounty hunter witness are disclosed to the jury and where that witness is subject to cross-examination we will not disturb on this account a subsequent guilty verdict. The conduct of the Bureau of Narcotics will have to reach a **level of outrageousness** not present here before we will consider and take further action.

(emphasis added). White argues that the full facts and circumstances of the State's pay arrangement with the confidential informant were not revealed to the jury. On cross-examination, the informant testified that he is paid but the amount varies.

¶32. The requirements set out in *Williams* were met. First, the record clearly reflects that White's

attorney was given an adequate opportunity to cross-examine Kyzer with respect to his status as a paid confidential informant. One wonders how much more specific the appellant would like Kyzer to be concerning his pay status. Since the amount varied from deal to deal, Kyzer could not reveal any more particulars about the pay arrangement since he himself did not know anymore information. The attorney further cross-examined Kyzer about his prior felony convictions for the sale of cocaine. Thus, the jury knew all about "the facts and circumstances" concerning the confidential source. Second, the record simply does not reflect a "level of outrageousness" by the Narcotics Bureau in this investigation.

¶33. The appellant further relies on *Edwards v. State*, 630 So. 2d 343 (Miss 1994), where the Court reversed for failure to grant the cautionary instruction; however, the case at bar is factually distinguishable from *Edwards*. The Court in *Edwards* held that the *Williams* test was not met when the informant testified that she was only compensated on a per-buy basis. It is important to note that in *Edwards* the circumstances were such that without the agent's testimony, the State was left with nothing but the testimony of the accomplice. The *Edwards* Court stated that cautionary instruction regarding testimony of accomplice was mandatory in drug sale prosecution based solely on accomplice's testimony corroborated only by confidential informant. *Id*. at 344. In the case *sub judice,* the State introduced a videotape of the drug transaction which was viewed by the jury. Additionally, Kyzer, Agent Jobe, and James Lee all positively identified White as the individual in the videotape who approached Kyzer's vehicle. Consequently, *Edwards*, where the prosecution's case was based solely on the testimony of an accomplice corroborated only by a confidential source, is inapplicable to the case at bar.

¶34. Miss. Code Ann. § 99-17-35 (1994) specifically states, "[t]he judge in any criminal cause, shall not sum up or comment on the testimony, or charge the jury as to the weight of the evidence. . ." Under the facts of this case, a cautionary charge was properly eschewed as a comment on the weight of the evidence.

¶35. The circuit court did not commit a reversible error in not granting, *sua sponte*, a cautionary instruction regarding the testimony of the confidential informant.

## CONCLUSION

¶36. Despite White's arguments, scrutiny of the record reflects that the questions he raises are devoid of merit. No reversible error took place during the trial, therefore, this Court affirms the conviction and sentence imposed by the trial court .

**¶37. COUNT II : CONVICTION OF SALE OF COCAINE AND SENTENCE TO TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. COUNT III: CONVICTION OF SALE OF COCAINE AND SENTENCE TO TEN (10) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. SENTENCE IN COUNT II SHALL RUN CONCURRENTLY TO SENTENCE IN COUNT III.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, ROBERTS, MILLS AND WALLER, JJ., CONCUR.**