IRVING, J.,
for the Court:
¶ 1. Fred House, Jr. was convicted in the Circuit Court of Marshall County of rape and sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections. House filed this appeal and argues that the verdict of the jury was against the overwhelming weight of the evidence. We find ho merit to his argument and affirm the conviction and sentence.
FACTS
¶ 2. On May 23, 1997, House and Gregg Walton were driving around Holly Springs when they encountered seventeen year old J.J. She had run away from home and was crying and upset after an argument with her brother. After talking with the two men, she accepted their invitation to ride with them in the car. House offered to give her a ride to her sister’s house. Sometime thereafter, Walton was dropped off, and House and J.J. continued to ride arou,nd. House took her'to Mount Peel Round where they engaged in both oral sex and intercourse.
¶ 3. In a statement to the police, House said that he offered J.J. $25 for sex and that she accepted. J.J. testified that she never consented to having sex with House. It was stipulated that House and J.J. had sex that night. The only disputed issue was whether the sex was consensual.
¶ 4. According to J.J., after stopping, the car, House grabbed her and threw her in the backseat of the car and forced her to have sex with him.- After escaping from *1130 House, J.J. ran to the nearest house but there was no telephone there so she went to the Walker house a half mile away. Earline Walker and her sister, Josephine Walker, testified that J.J. told them she had been raped. The police were called, and J.J. was taken to a local hospital were she was examined.
¶ 5. The only witnesses for the defense were Dr. David Dunn and Sheron Jackson, a nurse at Holly Springs Memorial Hospital. Dr. Dunn testified that J.J. told him “Fred had raped her.” The doctor testified that there were no abrasions, scratches or cuts evidencing a crime of violence, but he also testified that it was very common not to find any marks in rape cases. Nurse Jackson gave similar testimony that she saw no marks on J.J. when she was examined.
DISCUSSION
¶ 6. House’s argument that the verdict is against the overwhelming weight of the evidence relies on conflicts in the testimony heard by the jury and the lack of specific corroborating physical evidence. He points to the conflicts in the testimony given by Earline Walker and Josephine Walker. Earline testified that J.J. had a stuffed teddy bear with her, and Josephine, at one point in her testimony, said that J.J. was carrying nothing. Later she said she did not know if J.J. was carrying anything. J.J. testified that she did not bring anything with her. But she also testified that she was given a shirt and “was holding it like it was a bear, and I was squeezing it like that and crying.”
¶ 7. There was also conflicting testimony as to JJ.’s clothing. Earline testified that J.J.’s blouse was open and she could see J.J.’s bra and that it was white. The bra introduced into evidence as having been worn by J.J. was black. Also, both Earline and Josephine testified that they did not notice any damage to J.J.’s pants while she was at their home. The pants introduced into evidence had a rip at the seam.
¶ 8. House also points to the lack of any physical evidence supporting the charge of rape. House contends that Detective Tim Robert testified that there was nothing other than J.J.’s statement of what happened between her and Johnson to indicate that a rape occurred. What House does not state is that Detective Robert took the statement from House and collected evidence from him while another officer collected evidence from J.J.
¶ 9. House points to the lack of any marks on House or his clothing indicating that he had recently been in a struggle. House also relies on the fact that neither Dr. David Dunn nor Nurse Sheron Johnson could find any specific physical trauma when they examined J.J. As previously stated, Dr. Dunn testified that this was not uncommon.
¶ 10. Where the defendant contends that a new trial should have been granted because the jury verdict was against the weight of the evidence, the standard of review is as follows:
The challenge to the weight of the evidence via motion for a new trial implicates the trial court’s sound discretion. Procedurally such challenge necessarily invokes [Mississippi Uniform Criminal Rule of Circuit Court Practice] 5.16. New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion, and on review we accept as true all evidence favorable to the State.
McClain v. State, 625 So.2d 774, 781 (Miss.1993). The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed. Id. The jury has the duty to determine the impeachment value of inconsistencies or contradictions as well as testimonial defects of perception, memory, and sincerity. Noe v. State, 616 So.2d 298, 302 (Miss.1993). “It is not for this Court to pass upon the *1131 credibility of witnesses and where evidence justifies the verdict it must be accepted as having been found worthy of belief.” Williams v. State, 427 So.2d 100, 104 (Miss.1983). Further, in Doby v. State, 532 So.2d 584, 590 (Miss.1988), the court held that the testimony of a single witness is sufficient to support a conviction. As to matters upon which the evidence was in conflict, the court should assume that the jury resolved the conflict in a manner consistent with the verdict. Gossett v. State, 660 So.2d 1285,1294 (Miss.1995).
¶ 11. In this case, the jury heard the testimony of J.J. that she had been raped by House. Although there were inconsistencies concerning details of her appearance after the incident, we find that these were matters for the jury to consider in reaching its verdict. We find that the trial court did not abuse its discretion, and no unconscionable injustice resulted.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY OF CONVICTION OF RAPE AND SENTENCE OF TWENTY YEARS WITHOUT ELIGIBILITY FOR PROBATION OR PAROLE IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO MARSHALL COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, LEE, PAYNE, AND THOMAS, JJ., CONCUR.