McMILLIN, C.J.,
for the Court:
¶ 1. Patrick Wright was convicted of manslaughter by a Tate County Circuit Court jury for the stabbing death of Richard Humphrey. He appeals that conviction to this Court, raising as his sole issue that the jury verdict was against the weight of the evidence. Finding no merit in Wright’s argument, we affirm his conviction.
I.
Facts
¶ 2. The State presented evidence tending to indicate the following events occurred on April 13, 1998, the date of Humphrey’s death. Wright appeared uninvited at the home of his former girlfriend, April Pipkin, and discovered her in the company of Richard Humphrey. After an initial verbal confrontation between Wright and Humphrey, Wright went into the kitchen, *498 was heard rummaging through a drawer, and re-emerged armed with a kitchen knife. Wright and Humphrey struggled and Humphrey was heard to plead with Wright not to stab him. Despite his plea, Humphrey received an abdominal stab wound that proved fatal.
¶ 3. Wright, testifying in his own defense, claimed to have come to the house for the purpose of delivering medicine to a child born to him and Pipkin. He claimed that, during a heated conversation after he entered the house, he saw Humphrey reach inside his shirt and concluded that he was reaching for a weapon. Wright said he then retrieved the kitchen knife for the sole purpose of defending himself from the yet-unrevealed weapon Humphrey had concealed on his person. Wright then claimed that he and Humphrey struggled as Humphrey attempted to forcibly take the kitchen knife away from him. Wright contended that Humphrey held his knife-hand wrist in such a firm grasp that Wright was unable to move his arm of his own free will and that Humphrey stabbed himself accidentally while attempting to wrest control of the knife from Wright’s grasp. Wright had no evidence to corroborate his version of the events beyond his own self-serving testimony.
¶ 4. The jury declined to accept Wright’s explanation of events and convicted him of manslaughter.
II.
Discussion of the Law
¶ 5. Wright asked the trial court to grant him a new trial based on a claim that the verdict was against the weight of the evidence. See URCCC 10.05(2). In ruling on such a motion, the trial court is required to consider all the evidence in the light most favorable to upholding the jury’s verdict. Gibson v. State, 731 So.2d 1087 (¶ 11) (Miss.1998). The court must further keep in mind that the jury acts as finders of fact and the court must assume that, as to all disputed issues of fact upon which there was conflicting evidence, the jury resolved those issues in favor of the State. House v. State, 735 So.2d 1128 (¶ 10) (Miss.Ct.App.1999); Allison v. State, 724 So.2d 1014 (¶ 14) (Miss.Ct.App.1998). Only if convinced, after viewing the evidence in that light, that a manifest injustice has occurred may the trial court intercede and grant the defendant a new trial. White v. State, 722 So.2d 1242 (¶ 29) (Miss.1998).
¶ 6. If the trial court denies the new trial motion, the defendant may appeal that decision as error. The duty of the appellate court then becomes to review the evidence under the same standard as that employed by the trial court. Veal v. State, 585 So.2d 693, 695 (Miss.1991). The appellate court may not override the trial court’s decision unless that court is convinced that the trial court abused the discretion necessarily given it in deciding such matters. Id.
¶ 7. In this case, the State presented ample evidence that Wright was the aggressor in an altercation that began when he armed himself with a deadly weapon and assaulted an unarmed man who had done nothing to provoke such a deadly assault. Wright was permitted to fairly present his theory of the case, which was essentially a combination of self-defense and accident. The jury was fully instructed on the issue of self-defense.
¶ 8. In view of the fact that the State presented credible evidence of Wright’s guilt from multiple witnesses, none of whom were substantially impeached or contradicted, and in view of the facial implausibility of Wright’s own self-serving and uncorroborated version of the events, we have little difficulty in concluding that the trial court did not err when it declined to grant Wright a new trial on the sole ground that the jury’s verdict was against the weight of the evidence.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY OF CONVICTION OF MANSLAUGHTER *499 AND SENTENCE OF TWENTY YEARS WITH THE LAST FIVE YEARS SUSPENDED PENDING GOOD BEHAVIOR IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P. JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ, CONCUR.