ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. A jury sitting before the Attala County Circuit Court found Donovan Eric Johnson guilty of two counts of selling cocaine. For each count of selling cocaine, the circuit court sentenced Johnson to twenty-five years in the custody of the Mississippi Department of Corrections. However, the circuit court set the sentences to run concurrently. Following Johnson’s unsuccessful post-trial motions for a new trial and/or a judgment notwithstanding the verdict, Johnson appeals. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. During December 2007, Laci Gove was arrested and charged with selling prescription drugs. To avoid prosecution, Gove agreed to act as a confidential informant. On January 23, 2008, Gove met with Officers Louis Gowan and Robert Land of the Kosciusko Police Department. Officer Gowan and Officer Land planned to have Gove conduct a “controlled buy” of narcotics.
 

 113. Officer Gowan and Officer Land provided Gove with $40 in marked bills. Officer Land then left and went to the Mon-fort Jones Memorial Hospital parking lot, which was approximately 100 to 150 yards from Johnson’s house. Meanwhile, Officer Gowan searched Gove’s person and her vehicle. Officer Gowan also put a hidden camera in Gove’s makeup bag. Officer Gowan followed Gove to Johnson’s house. He parked next to Officer Land’s vehicle when Gove pulled into Johnson’s driveway.
 

 ¶ 4. Gove went into Johnson’s house. A few minutes later, Gove and Johnson walked outside to Gove’s car. They talked for a few minutes before Gove drove away. Officer Gowan followed Gove back to the police department, where Gove gave him a small bag of cocaine. Officer Land remained in the hospital parking lot until Officer Gowan called him and told him he could return to the police department.
 

 ¶ 5. Gove then agreed to attempt a second buy. However, Gove had to leave the police department to pick up her pit bull from her veterinarian’s clinic. Afterward, Gove returned to the police department and met Officer Gowan. Officer Gowan “re[-]searched her, [and] patted her down” before Gove left to conduct the second buy. Again, Officer Gowan and Officer Land waited across the street in the hospital parking lot. Gove pulled into Johnson’s driveway. Gove stayed in her car, because Johnson came outside. After a brief moment, Johnson went back inside his house. Officer Gowan followed Gove back to the police department. Officer Land remained behind until Officer Gowan called for him. Gove gave Officer Gowan a second small bag of cocaine. Gove’s video equipment malfunctioned during the second buy. As a result, the exchange was not recorded. Officer Gowan gave the two small bags to the Mississippi Crime Laboratory for testing. Chris Wise, a forensic scientist with the Mississippi Crime Laboratory, testified that he weighed and tested the substances. Wise confirmed that the small bags each contained .4 gram of cocaine.
 

 ¶ 6. On March 19, 2009, Johnson went to trial. Officer Gowan and Officer Land testified regarding their involvement in the two buys. Gove testified that Johnson sold her drugs during both of the times she visited his house. More specific aspects of her testimony will be addressed in the analysis portion of this opinion.
 

 
 *970
 
 ¶ 7. Johnson testified at the trial. Johnson’s defense theory was that Gove falsely created the appearance that he sold her cocaine so she could avoid being prosecuted for selling prescription drugs. According to Johnson, during Gove’s first visit, he was preparing to do a breathing treatment for his asthma. He went on to testify that he did not sell Gove any drugs during that visit. As for Gove’s second visit, Johnson testified that he merely went outside to see her pit bull. Johnson testified that he did not sell Gove any drugs during her second visit.
 

 ¶ 8. Johnson called Chauncy Dotson as a witness. Dotson testified that approximately two-and-one-half weeks before Johnson’s trial, Gove told him that Johnson had not sold her any drugs. According to Dotson, Gove said she did not know about the charges Johnson faced. As previously mentioned, the jury found Johnson guilty of two counts of selling cocaine. Johnson appeals.
 

 ANALYSIS
 

 I. WEIGHT OF THE EVIDENCE
 

 ¶ 9. Johnson claims that both of the jury’s verdicts are contrary to the overwhelming weight of the evidence. Accordingly, Johnson claims the circuit court erred when it denied his motion for a new trial. Johnson’s argument under this issue is based on four concepts: (1) Gove was not a credible witness; (2) Gove could have smuggled cocaine both times she encountered Johnson; (3) the video footage and photographic evidence of one of the two buys were unclear; and (4) Johnson testified that the video and photographic evidence merely depicted a component of a prescribed breathing treatment, rather than cocaine.
 

 ¶ 10. We are mindful that, as we review the circuit court’s decision to deny a motion for a new trial, this Court “will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 836, 844 (¶ 18) (Miss.2005). The supreme court has further instructed that, when reviewing a trial court’s decision to deny a motion for a new trial:
 

 the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict. However, the evidence should be weighed in the light most favorable to the verdict. A reversal on the grounds that the verdict was against the overwhelming weight of the evidence, unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict. Rather, as the “thirteenth juror,” the court simply disagrees with the jury’s resolution of the conflicting testimony. This difference of opinion does not signify acquittal any more than a disagreement among the jurors themselves. Instead, the proper remedy is to grant a new trial.
 

 Id.
 
 (footnote and internal citations and quotations omitted).
 

 ¶ 11. Johnson correctly notes that there was evidence that Gove told others that she did not purchase drugs from Johnson. During cross-examination, Gove admitted that she told Johnson’s attorney that she did not buy drugs from Johnson. Johnson also called Dotson as a witness, who testified that Gove told him that she “[did not] recall ... Johnson selling her any type of drug whatsoever, and she ha[d] no clue of what’s going on about the situation.” However, Gove also explained
 
 *971
 
 why she denied that she had bought drugs from Johnson. According to Gove, “Officer Gowan ... asked me not to speak of it [and] not to tell anybody until today. I was asked not to speak about it.” Gove also testified that Officer Gowan asked her to deny that she had purchased drugs from Johnson if anyone asked her about the cases pending against Johnson. Consequently, the jury heard conflicting evidence regarding whether Johnson actually sold Gove cocaine. The jury resolved that conflict in the evidence when it found Johnson guilty of both counts of selling cocaine. “The jury is the sole judge of the weight of the evidence and the credibility of the witnesses.”
 
 Nix v. State,
 
 8 So.3d 141, 146 (¶ 26) (Miss.2009) (quoting
 
 Mohr v. State,
 
 584 So.2d 426, 431 (Miss.1991)).
 

 ¶ 12. Additionally, Johnson’s defense counsel successfully requested that the circuit court instruct the jury pursuant to the following instruction designated as instruction D-13:
 

 The Court instructs the jury that the law looks with suspicion and distrust on the testimony of an alleged informant, and requires the jury to weigh the testimony with great care and suspicion. You should weigh the testimony from an alleged informant, and passing on what weight, if any, you should give this testimony, you should weigh it with great care and caution, and look upon it with distrust and suspicion.
 

 The Mississippi Supreme Court has held that although the decision to grant or deny a cautionary instruction regarding the weight of a testimony of an
 
 accomplice
 
 is within the discretion of a trial court, the circuit court’s decision to deny such an instruction may result in reversible error based on the circumstances of the case.
 
 Burke v. State,
 
 576 So.2d 1239, 1242 (Miss.1991). However, Gove was a
 
 confidential informant.
 
 She was
 
 not
 
 an accomplice. “An accomplice for these purposes is a person who is implicated in the commission of the crime. That is to say, that if the evidence admits a reasonable inference that the witness may have been a co-perpetrator or the sole perpetrator the cautionary instruction should be given.”
 
 Id.
 
 The confidential informant in this case was
 
 not
 
 an accomplice to the crimes. In the context of the testimony of a confidential informant, the Mississippi Supreme Court has held that such cautionary-instruction language has been “properly eschewed as a comment on the weight of the evidence.”
 
 White v. State,
 
 722 So.2d 1242, 1248 (¶ 34) (Miss.1998). Accordingly, the jury found Johnson guilty of both counts of selling cocaine even after it was instructed to view Gove’s testimony with heightened scrutiny. The jury acted within its discretion when it found Johnson guilty.
 

 ¶ 13. Johnson next argues that the verdicts are contrary to the overwhelming weight of the evidence because Officer Gowan conducted inadequate searches of Gove, her vehicle, and her makeup bag prior to Gove’s two buys. Officer Gowan testified that he did not have a drug-detecting dog check Gove or her car prior to either of the two buys. Although Officer Gowan testified that he conducted a pat-down search of Gove prior to both buys, he testified that he did not search the inside of Gove’s bra, the inside of her pants, or the area between her legs. When asked whether it was possible that he was not able to perform a “completely thorough search” of Gove, Officer Gowan answered, “that’s correct.” Additionally, Officer Gowan testified that he put a camera in Gove’s makeup bag, but he did not look inside every tube or container inside Gove’s makeup bag. Johnson also argues that Gove had an opportunity to acquire cocaine between the two buys because she left the police department to pick up her
 
 *972
 
 pit bull from her veterinarian. Johnson’s defense counsel cross-examined Officer Gowan and Officer Land regarding those aspects of the pre-buy searches of Gove. There was no evidence that Gove smuggled any drugs into either of her encounters with Johnson. At best, the perceived deficiencies in the pre-buy searches conducted by Officer Gowan and Officer Land created a question for the jury as to whether Gove could have smuggled cocaine into her meetings with Johnson.
 

 ¶ 14. Next, Johnson claims that the video and photographic evidence of the first of the two exchanges merely depicted him holding a bag that contained some unidentifiable substance. Johnson notes that he testified that the bag depicted in the video and photographic evidence contained substances that were necessary to administer a breathing treatment for his asthma. Gove testified that the photographs depicted Johnson holding a bag of cocaine. The conflicting testimony regarding the substance depicted in the photographic evidence created a question for the jury to resolve. We find no error in the jury’s resolution.
 

 ¶ 15. Viewing the evidence in the light most favorable to the verdict, we do not find that it would sanction an unconscionable injustice to allow the verdict to stand. Accordingly, we find that the circuit court acted within its discretion when it denied Johnson’s motion for a new trial.
 

 II. INSTRUCTION S-l
 

 ¶ 16. Johnson claims the circuit court erred when it allowed the prosecution to submit a jury instruction designated as instruction S-l. Instruction S-l referred to the two charges against Johnson as “Count II” and “Count III.”
 
 [1]
 
 Johnson argues that those references caused the jurors to be prejudiced against him, as they were led to believe Johnson faced an additional charge. Our standard of review is as follows:
 

 Jury instructions are to be read together and taken as a whole with no one instruction taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case[;] however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.
 

 Agnew v. State,
 
 783 So.2d 699, 702 (¶ 6) (Miss.2001).
 

 ¶ 17. During the conference on the jury instructions, the circuit court asked Johnson’s attorney whether she had reviewed instruction S-l. Johnson’s attorney answered as follows:
 

 I have, your Honor. As — as far as the language, in and of itself, I don’t have an issue. But the problem that I have is that it refers to everything as Counts 2 and 3, and I think it kind of leaves the jury the impression that there’s a Count 1 out there. I don’t know what the remedy is to cure that.
 

 The circuit court then responded:
 

 I don’t think there’s any other way to instruct them, though, because it is Counts 2 and 3 of the indictment. And, you know, in my court instructions, I am telling them not to speculate about anything that wasn’t offered in evidence and things like that, so I think they’re being honest in C-l that they’re not to specu
 
 *973
 
 late about anything that wasn’t presented to them.
 

 Johnson’s attorney then said, “Okay. Other than this, I did not have a problem with S-1.”
 

 ¶ 18. The prosecution consistently presented evidence that Gove bought two small bags of cocaine. Despite instruction S-l’s reference to the two charges as Count 2 and Count 3, the jury never heard any reference to an actual additional charge. The jury could have reasonably inferred that if there had been an additional charge, that charge had been dismissed. Additionally, as the circuit court stated, the jury was instructed not to speculate on matters that were not entered into evidence. “Juries are presumed to follow the instructions given to them by the court.”
 
 Walton v. State,
 
 998 So.2d 971, 977 (¶ 17) (Miss.2008). Accordingly, we find no merit to this issue.
 

 III. ADMISSION OF PHOTOGRAPHS
 

 ¶ 19. Johnson argues that the circuit court erred when it allowed the prosecution to introduce six photographs into evidence. Designated as Exhibits S-3 through S-8, those photographs depicted images captured from the small camera that was concealed in Gove’s makeup bag during the first buy she conducted. Gove testified that the first buy occurred sometime between 9:00 a.m. and 10:00 a.m. Officers Gowan and Land testified that the first buy occurred at approximately 2:00 p.m. However, the pictures display a time of 10:14 a.m. and 10:15 a.m. When the prosecution submitted the pictures into evidence during Gove’s testimony, Johnson’s attorney objected and argued that there had “been testimony ... that this all took place at two o’ clock in the afternoon, and that’s not what these pictures reflect. It is inaccurate information.” The prosecution responded, “just because ... my camera don’t [sic] have the right date and time on it. She says those are — accurately reflect the scene when she was out there that day on the 23rd, buying drugs from ... Johnson.” The circuit court allowed the prosecution to submit the pictures and stated “that’s certainly something that can, you know, argue, but the — she has testified that that is an accurate representation of what occurred, and so I’ll allow them to be admitted.” On appeal, Johnson argues that the photographs were not properly authenticated prior to admission at trial. We are mindful that “[t]he admissibility of photographs generally lies within the sound discretion of the trial court; and, absent an abuse of discretion, the court’s decision will be upheld on appeal.”
 
 Roland v. State,
 
 882 So.2d 262, 266 (¶ 14) (Miss.Ct.App.2004) (quoting
 
 Jackson v. State,
 
 784 So.2d 180, 182 (¶ 9) (Miss.2001)).
 

 ¶ 20. At trial, Johnson’s attorney objected on the basis that the pictures contained a time reference that was contrary to the testimonies of Officers Gowan and Land, who testified that the first buy occurred at approximately 2:00 p.m. Johnson’s attorney did not object on the basis that Gove had not properly authenticated the photographs. Because Johnson’s attorney did not object on the basis of improper authentication at trial, this issue is procedurally barred on appeal.
 
 Seeling v. State,
 
 844 So.2d 439, 445 (¶ 17) (Miss.2003).
 

 ¶ 21. THE JUDGMENT OF THE AT-TALA COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF THE SALE OF COCAINE AND SENTENCE OF TWENTY-FIVE YEARS FOR EACH COUNT TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
 

 
 *974
 
 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Johnson had been indicted for three counts of selling cocaine. Because the events that served as the basis for Count 1 occurred on a different day than the events that led to Counts 2 and 3, Count 1 was severed from Counts 2 and 3. After Johnson was sentenced on Counts 2 and 3, the prosecution dismissed Count 1.