RUSSELL, J.,
dissenting:
¶ 28. The majority finds that the trial court properly denied Steve Anthony’s right to cross-examine fully Arnold Brown, the confidential informant (Cl). I disagree; therefore, I respectfully dissent.
¶29. At trial, Anthony’s counsel attempted to cross-examine Brown regarding his recent charges of (1) two counts of sale of a controlled substance, (2) one count of contempt of child support, (3) one count of abuse and neglect of a vulnerable adult, and (4) one count of possession of a controlled substance. Although Anthony’s counsel learned of Brown’s arrests from the discovery provided by the State, the trial judge stated that he was “not going to allow [Anthony’s counsel] to just fish around ... and slander [Brown’s] reputation without any proof of it.” Under Mississippi Rule of Evidence 609, the trial judge limited the defense’s cross-examination regarding Brown prior arrests to only the drug charge that was the impetus for Brown seeking to work as a Cl.
*428 ¶ 30. Rule 609 does not control whether Brown’s pending charges and the resulting favorable treatment he received on those charges are proper subjects for cross-examination. In this case, the trial court failed to consider that our constitutional and evidentiary rules secure a defendant’s right to broad and extensive cross-examination on relevant matters. U.S. Const. amend. VI; Miss. Const. art. 3, § 26; M.R.E. 611. A witness on cross-examination may be questioned as to his interest in a case. The Mississippi Supreme Court explained that “[ejvidence that a material witness has received favored treatment at the hands of law enforcement authorities, particularly where that witness is himself subject to prosecution, is probative of the witnesses] interest or bias and may be developed through cross-examination or otherwise presented to the jury.” Suan v. State, 511 So.2d 144, 147-48 (Miss.1987).
¶ 31. The trial court may limit cross-examination to serve one of the purposes stated in Rule 611. But the supreme court has concluded that “[a] criminal defendant is afforded greater protection than the prosecution via the Fifth and Sixth Amendments.[to the United States Constitution]” White v. State, 785 So.2d 1059, 1062 (¶ 9) (Miss.2001). The supreme court further stated that “[t]o deny the accused the right to explore fully the credibility of a witness testifying against him, is to deny him the constitutional right of a full confrontation.” Id. at 1063 (¶ 12). The right to confrontation “extends to and includes the right to fully cross-examine the witness on every material point relating to the issue to be determined that would have a bearing on the credibility of the witness and the weight and worth of his testimony.” Young v. State, 731 So.2d 1145, 1151 (¶ 38) (Miss.1999) (citation omitted). See also M.R.E. 607, 616.
¶ 32. In limiting Anthony’s right to cross-examine Brown fully, the trial court also denied Anthony the opportunity to explore the full extent of the favorable treatment Brown had received on his prior charges in exchange for his testimony — a material point that affected Brown’s credibility and interest as a witness. This information, coupled with the fact that at least one charge had already been ordered nolle prosequi, was certainly relevant to show that Brown had an incentive to cooperate with the task force and the State in order to “work off’ the charges against him. The jury should have heard in-depth testimony about the details of the deals between Brown and the State. Therefore, the trial court erred in limiting Anthony’s cross-examination of Brown.
¶ 33. This error, however, was amplified by two additional factors. First, the State’s case relied strongly on Brown’s testimony; and second, the trial court refused Anthony’s requested cautionary jury instruction on a Cl’s testimony. See, e.g., White v. State, 722 So.2d 1242, 1247-48 (¶¶ 30-35) (Miss.1998) (Conviction of sale of cocaine was affirmed where defendant failed to request a cautionary jury instruction on a Cl’s testimony, but the defendant had an opportunity to cross-examine the Cl on favorable treatment from State, and other evidence corroborated the Cl’s testimony.) This Court has held previously that an improper limit on cross-examination, like the one imposed by the trial court here, is reversible error. See Davis v. State, 970 So.2d 164, 167 (¶ 7) (Miss.Ct.App.2006) (“To deny a defendant the right to fully cross-examine a witness on the issue of credibility is to deny the defendant his federal and state constitutional rights of confrontation.”).
¶ 34. Based on the discussion above, I would reverse Anthony’s judgment of con *429 viction and remand this ease for a new trial.
ISHEE, J., JOINS THIS OPINION.