828 So.2d 1270 (2002)
David THOMAS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00280-COA.
Court of Appeals of Mississippi.
May 14, 2002.
Rehearing Denied September 17, 2002.
Certiorari Denied October 24, 2002.
Dan W. Duggan, Jr., Brandon, attorney for appellant.
*1271 Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before McMILLIN, C.J., BRIDGES, and IRVING, JJ.
IRVING, J., for the court.
¶ 1. David Thomas appeals from a final judgment of conviction entered in the Circuit Court of Hinds County, Mississippi following a jury verdict which found him guilty of sale of cocaine. In this appeal, Thomas assigns error to the trial court's admission of certain evidence. He claims admission of the evidence robbed him of a fair trial and, as a result, he should be granted a new trial. We disagree and affirm the court in its rulings.

FACTS
¶ 2. Investigator Robert Mahaffey, an investigator with the Hinds County Sheriff Department, along with a confidential informant, went to a residence located at 211-A Gunter Street in Jackson to purchase cocaine while fellow investigator, Officer Richard Spooner, waited approximately twenty yards up the street from the driveway of the residence. When Mahaffey arrived at the residence, Thomas answered the door and allowed Mahaffey to enter. Mahaffey noticed a male, who was later identified as Adam Chism, on the telephone. Mahaffey waited for Chism to hang up the telephone. Mchaffey then asked Chism for "sixty," indicating sixty dollars worth of crack cocaine. Chism pointed to Thomas and said that Thomas will take care of Mahaffey. Thomas went upstairs while Mahaffey and the confidential informant remained downstairs. When Thomas returned, he had three rocks of a substance in some clear plastic wrapping which he handed to Mahaffey in exchange for sixty dollars in official county funds. This substance was later determined by the State Crime Laboratory to be crack cocaine.
¶ 3. Mahaffey departed the residence and contacted Spooner. He informed Spooner that a purchase of cocaine had been made from that residence and that two males were inside. Upon receiving this information, Officer Spooner went to the residence, knocked on the door and announced that he was the police. Adam Chism answered the door. David Thomas was found in an upstairs bedroom lying down. Spooner escorted the two men outside where Officer Mahaffey, sitting in an unmarked car with tinted windows, identified Thomas as the male who had sold him the drugs. Thomas and Chism were arrested, handcuffed and brought back into the residence and questioned about the identity of the persons who lived at the residence. Thomas advised Spooner that Thomas lived at the residence, and, in response to a request from Spooner for permission to search the residence, gave Spooner permission to search. Spooner searched the residence and located three marked twenty dollar bills in a box under the bed in the room where Thomas was found.
¶ 4. Thomas did not testify and offered no evidence on his behalf. Additional facts will be given during the discussion of the issue.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. During the trial, over Thomas's objection, the trial court admitted the cocaine and the three twenty-dollar bills. Thomas's objection was based on lack of sufficient chain of custody. Specifically, he contends that the officers failed to maintain a proper chain of custody, and thus the judge abused his discretion by admitting the items into evidence. Additionally, in his appellate brief, Thomas complains *1272 about the admission into evidence of a pair of scales.[1]
¶ 6. First, Thomas notes that Jacqueline Gardner, from the State Crime Laboratory, gave conflicting testimony because she testified that Ruby Lewis, a technician from the Jackson Police Department, gave her the evidence when Gardner's report stated that she received the evidence from Kevin Daugherty and not Ruby Lewis. Secondly, Thomas points out that Gardner did not provide any of the records, including the dates that calibrations were performed, of the multiphase gas chromatograph which is used by the State to analyze cocaine. Thus, her testimony, according to Thomas, should have been excluded.
¶ 7. Our supreme court has long recognized that admission of evidence is within the discretion of the trial judge. Parker v. State, 606 So.2d 1132, 1137 (Miss.1992). Furthermore, matters regarding the chain of custody of evidence are largely within the discretion of the trial court, and absent an abuse of discretion, reversal will not be granted. Id. at 1138; Morris v. State, 436 So.2d 1381, 1388 (Miss.1983). Our courts have recognized that any indication of tampering or substitution of evidence is the proper test for assessing the sufficiency of the chain of custody. Wells v. State, 604 So.2d 271, 277 (Miss.1992); Gibson v. State, 503 So.2d 230, 234 (Miss.1987). Where there is a reasonable inference of tampering or substitution, the proof is insufficient to support a finding that the matter in question is what it purports to be. Butler v. State, 592 So.2d 983, 985 (Miss.1991). Yet, the court has never required a production of every person who handled the object or an accounting of every moment in order to establish proper chain of custody. Id.; see also Doby v. State, 532 So.2d 584, 588 (Miss.1988).
¶ 8. Our review of the record reveals that the proper chain of custody was shown prior to the admission of the cocaine and marked twenty-dollar bills. Although all persons who may have handled the cocaine and twenty-dollar bills did not testify, no inference of tampering or substitution was testified to by any witnesses who testified for the State.
¶ 9. Mahaffey testified that he purchased cocaine with three twenty-dollar bills, the serial numbers of which Officer Spooner positively identified during trial. Officer Spooner testified that the serial numbers of the bills matched the serial numbers of the ones in the police report and that he had recorded the serial numbers before giving the bills to Officer Mahaffey to make the cocaine purchase.
¶ 10. The validity of the chain of custody for the cocaine was shown via the testimony of Investigator Mahaffey, Investigator Spooner, and Jacquelyn Gardner, a forensic scientist employed by the State Crime Laboratory. Officer Mahaffey testified that he gave the three items, which he purchased from Thomas, to Investigator Spooner and watched Spooner fill out the cocaine evidence tag and paperwork. Additionally, he identified the handwriting on the evidence tag as belonging to Spooner.
¶ 11. Investigator Spooner testified that he filled out the tag on the cocaine evidence bag and sealed it. He also testified on cross-examination that he followed standard operating procedures. He explained that standard procedures involve separating the actual narcotics from non-narcotics evidence, tagging, labeling and *1273 placing the narcotics in a Kapak bag. Thereafter, it is heat sealed and placed in a gold manila envelope and turned in to the evidence locker. He further testified that he requested a chemical analysis of the substance that he placed in the evidence bag.
¶ 12. Gardner testified that the submission form showed that Officer Kevin Daugherty had given the cocaine evidence to a technician, Ruby Lewis. Moreover, she explained that she checked the evidence receipt form submitted by the officer and matched the description on the evidence package prior to opening it and testing the substance. Gardner testified that she tested the substance in the bag and determined that it was cocaine. She supported this assertion by explaining that her initials were on the bottom-most part of the tape sealing the evidence bag. This tape also bore the case number, exhibit number and date.
¶ 13. While Officer Kevin Daugherty did not testify, there is absolutely no evidence to suggest that the evidence bag tendered to the State Crime Laboratory by Daugherty and receipted by Ruby Lewis was not the same evidence bag prepared by Investigator Spooner and containing the substance purchased from Thomas by Mahaffey. Therefore, we find that Thomas's allegation that the cocaine was improperly admitted is wholly without foundation. Accordingly, we affirm the evidentiary rulings of the trial court.
¶ 14. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
NOTES
[1] Thomas is mistaken in his contention that the scales were admitted into evidence. The scales were a part of a larger exhibit which was marked for identification only.