KING, C.J.,
 

 for the court.
 

 ¶ 1. Chris Miller and Johnny Miller were each convicted in the Circuit Court of Winston County of one count of the sale of cocaine. Chris was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections (MDOC) to run consecutively to a previously imposed twenty-year sentence. He was also ordered to pay a $5,000 fine, and his driving privileges were suspended for six months. Johnny was sentenced as a habitual offender to serve thirty years in the custody of the MDOC, without eligibility for probation or parole, ordered to pay a $5,000 fine, and his driving privileges were suspended for six months. Aggrieved, both defendants now appeal their convictions.
 

 ¶ 2. Chris raises two assignments of error: (1) whether the trial court erred by denying his motion to sever, and (2) whether the verdict was against the overwhelming weight of the evidence. Johnny also raises two assignments of error: (1) whether the trial court erred by denying his motion for a directed verdict, and (2)
 
 *1111
 
 whether the verdict was against the overwhelming weight of the evidence. We find no error and affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 3. On June 14, 2005, two Mississippi Bureau of Narcotics (MBN) agents met with Bobby Wayne Goodin, a confidential informant and former drug addict, to set up for an undercover drug buy in Winston County. The MBN agents searched Goo-din’s vehicle to ensure that Goodin did not have anything that might compromise the investigation. After the agents determined that Goodin’s vehicle was clean, they installed audio and video surveillance equipment in the vehicle. The MBN agents gave Goodin $100 in official state funds to purchase cocaine. After the pre-buy meeting, Goodin got into his vehicle and traveled to Miller Avenue to purchase cocaine. The MBN agents monitored the buy with the audio equipment installed in Goodin’s vehicle.
 

 ¶ 4. When Goodin arrived at the home of Jimmy Miller, several men were outside Jimmy’s home, including Chris and Johnny. Goodin asked the men for $100 worth of cocaine. However, the men informed Goodin that they did not have any drugs at that time and asked him to wait for the drug dealer to arrive. Goodin was asked to move his vehicle to Johnny’s house, which was next door.
 

 ¶ 5. Goodin testified that he gave the $100 to Chris, who purchased the drugs from the dealer. Then, Goodin testified that Johnny brought the cocaine to him. Goodin also testified that some of the men, including Johnny, asked him if they could have some of the cocaine, but he refused. After Goodin successfully purchased the drugs, he met with the MBN agents and handed them a substance contained in a sealed bag, which was later tested by the Mississippi Crime Laboratory and determined to be one gram of crack cocaine. Goodin was paid $100 for his participation in the buy.
 

 ¶ 6. On April 25, 2006, Chris and Johnny were indicted as co-defendants for the sale of cocaine. Johnny was indicted as a habitual offender. Chris filed a motion to sever on October 29, 2007, which the trial court denied. During the trial, Chris chose not to testify. However, Johnny opted to take the stand.
 

 ¶ 7. Johnny testified that he and Goodin were “craekheads” and had smoked crack cocaine together since 2004. Johnny testified that neither he nor Chris received any money from Goodin. Johnny denied transferring the cocaine to Goodin. However, he admitted that he handed the cocaine to another man, who then transferred the cocaine to Goodin. Johnny also admitted that he asked Goodin if he could have some of the cocaine.
 

 ¶ 8. Subsequently, the jury found Chris and Johnny guilty of the sale of cocaine. Both Chris and Johnny filed separate motions for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which the trial court denied. Afterwards, Chris and Johnny timely filed separate appeals.
 

 ANALYSIS
 

 I. Chris Miller
 

 A. Whether the trial court erred by denying Chris’s motion to sever.
 

 ¶ 9. Chris argues that the trial court erred by denying his motion to sever because he was prejudiced by being on trial with Johnny. Conversely, the State argues that Johnny never implicated Chris in the cocaine sale; thus, Chris suffered no prejudice.
 

 
 *1112
 
 ¶ 10. The trial court may grant or deny a motion to sever in cases not involving the death penalty within its sound discretion.
 
 Sanders v. State,
 
 942 So.2d 156, 158(10) (Miss.2006) (quoting Uniform Rules of Circuit and County Court 9.08). Therefore, this Court reviews the trial court’s denial of a motion to sever for an abuse of discretion.
 
 Id.
 
 (citing
 
 King v. State,
 
 857 So.2d 702, 716(19) (Miss.2003)).
 

 ¶ 11. “Defendants [who are] jointly indicted for a felony are not entitled to separate trials as a matter of right.”
 
 Id.
 
 (11) (citing
 
 Pnce v. State,
 
 336 So.2d 1311, 1312 (Miss.1976)). The trial judge may grant a motion to sever if he determines that it is necessary to promote a fair determination of a co-defendant’s guilt or innocence.
 
 Id.
 
 (12) (citing
 
 Carter v. State,
 
 799 So.2d 40, 44(13) (Miss.2001)). In determining whether to grant a motion to sever, the trial court should consider: (1) whether one co-defendant’s testimony tends to exonerate himself by placing blame on the other co-defendant, and (2) whether the weight of the evidence goes more to the guilt of one co-defendant than the other.
 
 Id.
 
 at 159(15) (citing
 
 Duckworth v. State,
 
 477 So.2d 935, 937 (Miss.1985)).
 

 ¶ 12. Chris specifically argues that he was prejudiced by Johnny’s testimony because Johnny essentially confessed to the crime, sealing both of their fates. It is true that Johnny basically confessed to the crime. However, in his testimony, Johnny never implicated Chris in the sale.
 

 ¶ 13. Based on our review of the record, we find that Johnny did not attempt to exonerate himself at Chris’s expense. Thus, we find that Chris was not prejudiced by the joint trial. For that reason, we find that the trial court did not abuse its discretion by denying Chris’s motion to sever.
 

 B. Whether the trial court erred by denying Chris’s motion for a JNOY or, in the alternative, a new trial.
 

 ¶ 14. Chris argues that the trial court erred by denying his motion for a JNOV or, in the alternative, a new trial because the State failed to prove that he was guilty of the sale of cocaine beyond a reasonable doubt. A motion for a JNOY challenges the legal sufficiency of the evidence.
 
 See Pratt v. State,
 
 870 So.2d 1241, 1246(13) (Miss.Ct.App.2004) (citing
 
 Noe v. State,
 
 616 So.2d 298, 302 (Miss.1993)). In deciding whether to grant or deny a motion for a JNOV, the trial court must view all of the credible evidence, which is consistent with the defendant’s guilt, in the light most favorable to the State.
 
 Id.
 
 (14) (citations omitted). This Court will not disturb the trial court’s ruling unless, “with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.”
 
 Id.
 
 (citation omitted).
 

 ¶ 15. On the other hand, a motion for a new trial challenges the weight of the evidence.
 
 See id.
 
 at 1248(20). This Court will not disturb a trial court’s denial of a motion for a new trial unless “the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.... ”
 
 Id.
 
 (quoting
 
 Dudley v. State,
 
 719 So.2d 180, 182(8) (Miss.1998)).
 

 ¶ 16. Chris argues that Goodin was not a credible witness based on his criminal record and history of substance abuse. Chris also argues that Goodin’s testimony was contradictory regarding whether he gave Chris the $100 before or after he moved his vehicle to Johnny’s house. However, the credibility of a witness is a question for the jury.
 
 Doss v. State,
 
 906
 
 *1113
 
 So.2d 836, 841(20) (Miss.Ct.App.2004) (citing
 
 Doby v. State,
 
 532 So.2d 584, 591 (Miss.1988)). Despite Goodin’s criminal record and history of substance abuse, the jury determined that Goodin was a credible witness. Based on our review of the record, we do not see anything that would cause us to question the jury’s judgment. Therefore, Chris’s argument here is without merit.
 

 ¶ 17. Next, Chris argues that the video footage did not show him receiving any money from Goodin. Chris was convicted pursuant to Mississippi Code Annotated section 41-29-139(a)(1) (Rev.2005), which, in pertinent part, makes it unlawful for any person to knowingly or intentionally sell or transfer a controlled substance. Therefore, the State had the burden of proving that Chris, while acting in concert with Johnny, (1) transferred cocaine to Goodin and/or (2) received a sum of money in exchange for the drugs.
 

 ¶ 18. Goodin testified that he gave Chris $100 to purchase the cocaine, and Johnny transferred the cocaine to him. Chris complains that the video footage does not show him receiving any money from Goodin. However, this Court has held that where the actual transaction of drugs and money is not seen in the video footage, the testimony of an informant is sufficient to prove the sale of cocaine.
 
 See Steen v. State,
 
 873 So.2d 155, 159(9) (Miss.Ct.App.2004) (citing
 
 Wilks v. State,
 
 811 So.2d 440, 445-46 (17-19) (Miss.Ct.App.2001)).
 

 ¶ 19. Accordingly, taking the evidence in the light most favorable to the State, we find that the State’s evidence was sufficient to support the conviction. Therefore, the trial court did not err by denying Chris’s motion for a JNOY. Also, taking the evidence in the light most favorable to the verdict, we cannot say that the verdict was against the overwhelming weight of the evidence or resulted in an unconscionable injustice. Thus, the trial court did not err by denying Chris’s motion for a new trial. These issues are without merit.
 

 II. Johnny Miller
 

 A. Whether the trial court erred by denying Johnny’s motion for a directed verdict.
 

 ¶ 20. Similar to a motion for a JNOV, a motion for a directed verdict attacks the legal sufficiency of the evidence.
 
 See Crump v. State,
 
 962 So.2d 154, 157(12) (Miss.Ct.App.2007) (citing
 
 Gleeton v. State,
 
 716 So.2d 1083, 1087(14) (Miss.1998)). When reviewing the trial court’s denial of a motion for a directed verdict, this Court must consider all of the evidence in the light most favorable to the State and accept the evidence consistent with guilt as true.
 
 Id.
 
 This Court will not disturb the trial court’s ruling unless, “with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.”
 
 Id.
 
 (citation omitted).
 

 ¶ 21. Johnny attacks Goodin’s credibility, arguing that Goodin’s criminal record and history of substance abuse made him an unreliable and untrustworthy witness. However, the jury is the sole judge of a witness’s credibility.
 
 Steen,
 
 873 So.2d at 159(8) (citing
 
 Jackson v. State,
 
 614 So.2d 965, 972 (Miss.1993)). The jury had full knowledge of Goodin’s criminal record and his bouts with substance abuse. Taking this into consideration, the jury returned a verdict of guilty based on Goodin’s testimony. The jury determined that Goodin was a credible witness, and we find no reason to question the jury’s judgment. Johnny’s argument is without merit.
 

 ¶ 22. Next, Johnny argues that the trial court erred by denying his motion for a
 
 *1114
 
 directed verdict because the State failed to prove that he transferred cocaine to Goo-din and received compensation for the alleged transaction. The State had the burden of proving that Johnny and Chris, while acting in concert, (1) transferred cocaine to Goodin and/or (2) received a sum of money in exchange for the drugs.
 
 See
 
 Miss.Code Ann. § 41-29-139(a)(1).
 

 ¶ 23. Like Chris, Johnny bases his argument on the fact that he was not seen participating in the drug transaction in the video footage. The fact that Johnny was not seen transferring the drugs to Goodin on the video footage is of no consequence. Goodin testified that Johnny transferred the drugs to him. The informant’s testimony alone is enough to secure a conviction.
 
 Steen,
 
 873 So.2d at 159(9) (citing
 
 Wilks,
 
 811 So.2d at 446(19)). Therefore, we find that Johnny’s argument is without merit.
 

 ¶ 24. Additionally, Johnny contends that he is not guilty of the offense because he did not receive any money from the transaction. Johnny testified that he did not see Goodin give money to anyone. However, after reviewing Johnny’s testimony, it is apparent that Johnny knew that a drug transaction was taking place. When questioned by the State, Johnny testified to the following:
 

 Q. But you are saying that somebody gave [Goodin] the dope that is in the bag right there; it wasn’t you.
 

 A. Yeah. I just said it. I didn’t give it to him.
 

 Q. Well, who—
 

 A. I gave it to the guy standing beside him. I ain’t saying I didn’t handle none. But I am on trial for selling it. I am not on trial for handling it.
 

 Essentially, Johnny admitted that he took part in the drug buy.
 

 ¶ 25. Goodin testified that he gave the money to Chris, and Johnny transferred the drugs to him. The law is clear that “one who aids and abets a sale of cocaine is guilty as a principal, regardless of whether he personally profited from the sale.”
 
 Lewis v. State,
 
 765 So.2d 493, 498(20) (Miss.2000) (quoting
 
 Johnson v. State,
 
 642 So.2d 924, 927 (Miss.1994)). The jury found that Chris and Johnny were guilty. The fact that Johnny did not personally receive any compensation is of no consequence. Considering the evidence in the light most favorable to the State, we find that this evidence was sufficient to support Johnny’s conviction, and this argument is without merit.
 

 B. Whether the verdict was against the overwhelming weight of the evidence.
 

 ¶ 26. In his second assignment of error, Johnny argues that the trial court erred by denying his motion for a new trial because the verdict was against the overwhelming weight of the evidence. Again, Johnny argues that he simply handled the drugs and that he did not receive any money in exchange for the drugs.
 

 ¶ 27. A motion for a new trial challenges the weight of the evidence.
 
 See Pratt,
 
 870 So.2d at 1248(20). This Court will not disturb a trial court’s denial of a motion for a new trial unless “the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. ...”
 
 Id.
 
 (citing
 
 Dudley,
 
 719 So.2d at 182(8)).
 

 ¶ 28. As we discussed in the previous assignment of error, Johnny essentially admitted that he aided in the transfer of the drugs to Goodin. By transferring the drugs to Goodin during the sale, Johnny is guilty as a principal.
 
 See Lewis,
 
 765 So.2d at 498(20).
 

 ¶ 29. Johnny’s assignment of error involves disputed issues of fact, which are to be resolved by the jury.
 
 See Hughes v.
 
 
 *1115
 

 State,
 
 724 So.2d 893, 896(18) (Miss.1998) (citing
 
 Jackson,
 
 614 So.2d at 972). In this case, the jury resolved those credibility issues and found that Chris and Johnny were guilty of selling cocaine to Goodin, and we can find no reason to dispute the jury’s findings.
 

 ¶ 30. The testimony overwhelmingly revealed that Johnny participated in the drug buy by transferring the cocaine to Goodin. Considering the evidence in the light most favorable to the verdict, we cannot say that the jury’s guilty verdict was contrary to the overwhelming weight of the evidence. Thus, we find that the trial court did not err by denying Johnny’s motion for a new trial. This argument is also without merit.
 

 CONCLUSION
 

 ¶ 31. We find that the trial court did not err by denying Chris’s motion to sever because Chris was not prejudiced by the joint trial. We also find that the trial court did not err by denying Chris’s motion for a JNOV because the State presented evidence such that the jury could find Chris guilty of the sale of cocaine beyond a reasonable doubt. Also, the trial court did not err by denying Chris’s motion for a new trial because the verdict was not contrary to the overwhelming weight of the evidence.
 

 ¶ 32. We find that the trial court did not err by denying Johnny’s motion for a directed verdict because the evidence was sufficient to support the conviction. We also find that the trial court did not err by denying Johnny’s motion for a new trial because the verdict was not contrary to the overwhelming weight of the evidence. Finding no error, we affirm the judgment of the trial court.
 

 ¶ 33. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY OF CONVICTION OF CHRIS MILLER FOR SALE OF COCAINE AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO THE SENTENCE CURRENTLY BEING SERVED, TO PAY A $5,000 FINE, AND TO HAVE DRIVING PRIVILEGES SUSPENDED FOR SIX MONTHS IS AFFIRMED.
 

 ¶ 34. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY OF CONVICTION OF JOHNNY MILLER FOR SALE OF COCAINE AND SENTENCE AS A HABITUAL OFFENDER OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PROBATION OR PAROLE, TO PAY A $5,000 FINE, AND TO HAVE DRIVING PRIVILEGES SUSPENDED FOR SIX MONTHS IS AFFIRMED.
 

 ¶ 35. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.